Doc. No.: 1777671  Firm No: 06347  RMB/lam

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **HOLLY WISER-CONNOLLY**, as Independent Executor of the Estate of **GLEN R. WISER**, Deceased; and **HOLLY WISER-CONNOLLY**, as Independent Executor of the Estate of **ELEANOR M. WISER**, Deceased, <br><br> Plaintiffs, <br><br> -vs- <br><br> **OSMAN EFENDIC**, individually, and d/b/a **ELAINES EXPRESS, INC.**, <br><br> Defendant. | ) <br> ) <br> ) <br> ) Case No.: <br> ) <br> ) Judge: <br> ) <br> ) Magistrate: <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### ANSWER TO COMPLAINT

**NOW COME** Defendants, **OSMAN EFENDIC**, and **2038463 ONTARIO, INC.**, d/b/a **ELAINES EXPRESS,** incorrectly identified herein as **Elaines Express, Inc.**, by and through one of its attorneys, ROBERT M. BURKE of JOHNSON & BELL, LTD., and for their Answer to Plaintiff's Complaint at Law, State the following:

1. That on the 7th day of March, 2007, the Defendant, Osman Efendic, individually and d/b/a Elaines Express, Inc., was backing up a semi-tractor trailer in a southerly direction along and upon South Ashland Avenue, at or near its intersection with Goodenow Road, in the Township if Crete, County of Will and State of Illinois.

**Answer:** Defendants admit that at the time and place alleged Osman Efendic, while working for 2038463 Ontario, Inc., d/b/a Elaines Express, operated a tractor trailer. Further answering, Defendants deny the remaining allegations contained in paragraph 1 of Count I of Plaintiff's Complaint at Law.



2. That on the 7th day of March, 2007, the plaintiff's decedent, Glen R. Wiser, was operating his motor vehicle in an easterly direction along and upon Goodenow Road, at or near its intersection with South Ashland Avenue, in the Township of Crete, County of Will, State of Illinois.

**Answer**: Defendants admit the allegations contained in paragraph 2 of Count I of Plaintiff's Complaint at Law.

3. That at that time and place, the defendant, Osman Efendic, individually and d/b/a Elaines Express, Inc., had a duty to exercise due care and caution for the safety of the plaintiff's decedent, Glen R. Wiser.

**Answer**: Defendants state that their duty was that prescribed by applicable law and deny that Plaintiff has properly alleged the duty then and there owed by them.

4. That notwithstanding the aforesaid duty, the defendants, Osman Efendic, individually and d/b/a Elaines Express, Inc., were guilty of one or more of the following negligent acts and/or omissions:

    (a) backed up their semi-tractor trailer in a situation where such movement could not be made without interfering with the right-of-way of the Plaintiff's decedent's eastbound vehicle, in violation of 625 ILCS 5/11-1402(a);

    (b) failed to properly chart the route that defendants' semi-tractor trailer can operate upon, in violation of Federal Motor Carrier Regulations;

    (c) failed to stop their vehicle to avoid colliding with the plaintiff's decedent's vehicle while backing up on South Ashland Avenue at its intersection with Goodenow Road, in violation of 625 ILCS 5/11-601(a);

    (d) failed to yield the right-of-way to the plaintiff's decedent's eastbound vehicle on Goodenow Road, in violation of 625 ILCS 5/11-904(b);

    (e) failed to decrease the speed of his vehicle in reverse to avoid colliding with plaintiff's decedent's vehicle, in violation of 625 ILCS 5/11-601(a);

(f)　　failed to yield the right-of-way to the plaintiff's decedent's eastbound vehicle on Goodenow Road, in violation of 625 ILCS 5/11-1201204(b).

**Answer**:　These Defendants deny the allegations contained in paragraph 4 of Count I of Plaintiff's Complaint at Law, including each and every allegation contained in subparagraphs (a) through (f), inclusive.

5.　That as a direct and proximate result of one or more of the aforesaid careless and negligent acts an/or or omissions of the defendants, Osman Efendic, individually, and d/b/a Elaines Express, Inc., the defendant's semi-tractor trailer came into contact with the motor vehicle being operated by plaintiff's decedent, Glen R. Wiser, thus causing him injuries that lead to his death on March 7, 2007.

**Answer**:　These Defendants deny the allegations contained in paragraph 5 of Count I of Plaintiff's Complaint at Law.

6.　That at the aforesaid time, there was in full force and effect in the State of Illinois a certain statute commonly known as the Wrongful Death Act, 740 ILCS 180/1 et. seq., which provides in pertinent part as follows:

> Whenever the death of a person shall be caused by wrongful death act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case, the person who or company or corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and circumstances as amount in law to felony. (Section 1).

> Every such action shall be brought by and in the names of the personal representatives of such deceased person and, except ad otherwise hereinafter provided, the amount recovered in every such action shall be for the exclusive benefit of the surviving spouse and next-of-kin of such deceased person, and in every such action, the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such death, to the surviving spouse and next-of-kin of such deceased person. (Section 2).

3

and this action was brought pursuant to said statute.

**Answer**: Defendants admit that the Illinois Wrongful Death Act was in existence at the time and place alleged and that said Act speaks for itself. Further answering, Defendants deny that Plaintiff has properly and completely set forth the provisions of the Illinois Wrongful Death Act.

7. That the plaintiff, Holly Wiser-Connolly, was appointed as the Independent Executor of the Estate of Glen Wiser, Deceased, by Order of the Circuit Court of the Second Judicial Circuit, Wayne County, Illinois (see Exhibit "A" attached hereto) on June 5, 2007, and brings this action pursuant to 740 ILCS 180/2.1 for the benefit of the surviving next-of-kin and the deceased, Glen R. Wiser, as well as for medical, funeral and burial expenses.

**Answer**: Defendants admit that Holly Wiser-Connolly has been appointed to serve as the Independent Executor of the Estate of Glen R. Wiser and of the Estate of Eleanor M. Wiser, by the Circuit Court of the Second Judicial Circuit, Wayne County, Illinois and that Plaintiff's cause of action is purportedly brought pursuant to the Illinois Wrongful Death Act. Defendants deny the remaining allegations contained in paragraph 7 of Count I of Plaintiff's Complaint at Law.

**WHEREFORE**, Defendants, **OSMAN EFENDIC,** and **2038463 ONTARIO, INC., d/b/a ELAINES EXPRESS,** deny that Plaintiff is entitled to judgment in the amount sought or in any sum whatsoever, and further pray that judgment and costs of suit be entered in favor of Defendants and against the Plaintiff.

## COUNT II

### WRONGFUL DEATH – ELEANOR M. WISER, DECEASED

1. That on the 7th day of March, 2007, the defendant, Osman Efendic, Individually and d/b/a Elaines Express, Inc. was backing up a semi-

tractor trailer in a southerly direction along and upon South Ashland Avenue, at or near its intersection with Goodenow Road, in the Township of Crete, County of Will, State of Illinois.

**Answer**: Defendants admit that at the time and place alleged Osman Efendic, while working for 2038463 Ontario, Inc., d/b/a Elaines Express, operated a tractor trailer. Further answering, Defendants deny the remaining allegations contained in paragraph 1 of Count II of Plaintiff's Complaint at Law.

2. That on the 7th day of March, 2007, the plaintiff's decedent, Eleanor M. Wiser, was a passenger in the motor vehicle being operated by her husband, Glen R. Wiser, Deceased, which he was operating in an easterly direction along and upon Goodenow Road, at or near its intersection with South Ashland Avenue, in the Township of Crete, County of Will, State of Illinois.

**Answer**: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that Eleanor Wiser was a passenger in the motor vehicle at the time and place alleged.

3. That at that time and place, the defendants, Osman Efendic, Individually, and d/b/a Elaines Express, Inc. had a duty to exercise due care and caution for the safety of the plaintiff's decedent, Eleanor M. Wiser.

**Answer**: Defendants state that their duty was that prescribed by applicable law and deny that Plaintiff has properly alleged the duty then and there owed by them.

4. That notwithstanding the aforesaid duty, the defendants, Osman Efendic, Individually and d/b/a Elaines Express, Inc. were guilty of one or more of the following negligent acts and/or omissions:

    (a) backed up their semi-tractor trailer in a situation where such movement could not be made without interfering with the right-of-way of the Plaintiff's decedent's eastbound vehicle, in violation of 625 ILCS 5/11-1402(a);

    (b)    failed to properly chart the route that defendants' semi-tractor trailer can operate upon, in violation of Federal Motor Carrier Regulations;

    (c)    failed to stop their vehicle to avoid colliding with the plaintiff's decedent's vehicle while backing up on South Ashland Avenue at its intersection with Goodenow Road, in violation of 625 ILCS 5/11-601(a);

    (d)    failed to yield the right-of-way to the plaintiff's decedent's eastbound vehicle on Goodenow Road, in violation of 625 ILCS 5/11-904(b);

    (e)    failed to decrease the speed of his vehicle in reverse to avoid colliding with plaintiff's decedent's vehicle, in violation of 625 ILCS 5/11-601(a);

    (f)    failed to yield the right-of-way to the plaintiff's decedent's eastbound vehicle on Goodenow Road, in violation of 625 ILCS 5/11-1201204(b).

**Answer:** These Defendants deny the allegations contained in paragraph 4 of Count II of Plaintiff's Complaint at Law, including each and every allegation contained in subparagraphs (a) through (f), inclusive.

5. That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the defendants, Osman Efendic, Individually and d/b/a Elaines Express, Inc., the defendants' semi-tractor trailer came into contact with the motor vehicle being operated by plaintiff's decedent, Glen R. Wiser, in which plaintiff's decedent, Eleanor M. Wiser, was a passenger, thus causing her injuries that led to her death on March 7, 2007.

**Answer:** These Defendants deny the allegations contained in paragraph 5 of Count II of Plaintiff's Complaint at Law.

6. That at the aforesaid time, there was in full force and effect in the State of Illinois a certain statute commonly known as the Wrongful Death Act, 740 ILCS 180/1 et. seq., which provides in pertinent part as follows:

> Whenever the death of a person shall be caused by wrongful death act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case, the person who or company or corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and circumstances as amount in law to felony. (Section 1).
>
> Every such action shall be brought by and in the names of the personal representatives of such deceased person and, except ad otherwise hereinafter provided, the amount recovered in every such action shall be for the exclusive benefit of the surviving spouse and next-of-kin of such deceased person, and in every such action, the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such death, to the surviving spouse and next-of-kin of such deceased person. (Section 2).

and this action is brought pursuant to said statute.

**Answer**: Defendants admit that the Illinois Wrongful Death Act was in existence at the time and place alleged and that said Act speaks for itself. Further answering, Defendants deny that Plaintiff has properly and completely set forth the provisions of the Illinois Wrongful Death Act.

7. That the plaintiff, Holly Wiser-Connolly, was appointed as the Independent Executor of the Estate of Eleanor M. Wiser, deceased, by Order of the Circuit Court of the Second Judicial Circuit, Wayne County, Illinois (see Exhibit "B" attached hereto) on June 5, 2007, and brings this action pursuant to 740 ILCS 180/2.1 for the benefit of the surviving next-of-kin and the deceased, Eleanor M. Wiser, as well as for medical, funeral and burial expenses.

**Answer**: Defendants admit that Holly Wiser-Connolly has been appointed to serve as the Independent Executor of the Estate of Glen R. Wiser and of the Estate of Eleanor M. Wiser, by the Circuit Court of the Second Judicial Circuit, Wayne County, Illinois and that Plaintiff's cause of action is purportedly brought pursuant to the Illinois Wrongful Death Act. Defendants

deny the remaining allegations contained in paragraph 7 of Count II of Plaintiff's Complaint at Law.

**WHEREFORE**, Defendants, **OSMAN EFENDIC**, and **2038463 ONTARIO, INC., d/b/a ELAINES EXPRESS,** deny that Plaintiff is entitled to judgment in the amount sought or in any sum whatsoever, and further pray that judgment and costs of suit be entered in favor of Defendants and against the Plaintiff.

<u>**AFFIRMATIVE DEFENSES**</u>

<u>**FIRST AFFIRMATIVE DEFENSE**</u>

**NOW COME** Defendants, **OSMAN EFENDIC**, and **2038463 ONTARIO, INC., d/b/a ELAINES EXPRESS,** by and through one of their attorneys, ROBERT M. BURKE of JOHNSON & BELL, LTD., and for their first affirmative defense to the cause of action of Holly Wiser-Connolly, as Independent Executor of the Estate of Glen R. Wiser, Deceased, plead in the alternative to the denials contained in their answer, state that the Plaintiff's Decedent, Glen R. Wiser, was careless and negligent in the operation of his motor vehicle, in one or more or all of the following respects, which proximately caused the injuries and damages of which Holly Wiser-Connolly, as Independent Executor of the Estate of Glen R. Wiser, Deceased, complains:

(a)  Carelessly and negligently operated his motor vehicle too fast for conditions;

(b)  Carelessly and negligently entered the intersection of Goodenow Road and Ashland Avenue when it was unsafe to do so;

(c)  Carelessly and negligently failed to slow or stop his motor vehicle to avoid a collision;

(d)  Carelessly and negligently failed to stop his motor vehicle to avoid a collision;

(e)  Carelessly and negligently failed to yield the right-of-way to a motor vehicle in control of the intersection;

(f)  Carelessly and negligently failed to keep a proper lookout;

(g)  Carelessly and negligently failed to keep his motor vehicle under proper control;

(h)  Carelessly and negligently failed to maintain his vehicle with proper and adequate brakes;

(i)  Was otherwise careless and negligent.

**WHEREFORE**, Defendants, **OSMAN EFENDIC**, and **2038463 ONTARIO, INC., d/b/a ELAINES EXPRESS,** pray for judgment and costs of suit in the event that Plaintiff's Decedent, **GLEN R. WISER**, is found to be more than fifty (50%) percent at fault for causing his injures death and damages, or in the alternative, pray for a reduction of any damages awarded to the Plaintiff, **HOLLY WISER-CONNOLLY**, as Independent Executor of the Estate of Glen R. Wiser, Deceased, in proportion to the percentage of Glen R. Wiser's contributory fault.

### SECOND AFFIRMATIVE DEFENSE

**NOW COME** Defendants, **OSMAN EFENDIC**, and **2038463 ONTARIO, INC., d/b/a ELAINES EXPRESS,** by and through one of their attorneys, ROBERT M. BURKE of JOHNSON & BELL, LTD., and for their second affirmative defense to the causes of action of Holly Wiser-Connolly, as Independent Executor of the Estate of Glen R. Wiser, Deceased, and Eleanor M. Wiser, deceased, plead in the alternative to the denials contained in their answer, state that the fault of Defendants was less than 25% of the total fault attributable to the Plaintiff's Decedents, the Defendants sued by the Plaintiff, and any third party Defendant, and therefore, that Defendants are not jointly and severally liable for any non-medically related expenses.

**Wherefore, WHEREFORE**, Defendants, **OSMAN EFENDIC**, and **2038463 ONTARIO, INC., d/b/a ELAINES EXPRESS,** pray for judgment and

9

costs of suit or a judgment in their favor finding that Defendants are not jointly and severally liable for any non-medically related expenses of the Plaintiff.

Respectfully submitted,

JOHNSON & BELL, LTD.

By: *Robert M Burke*
Robert M. Burke, One of the
Attorneys for Osman Efendic and
2038463 Ontario, Inc., d/b/a
Elaines Express

ROBERT M. BURKE
JOHNSON & BELL, LTD.
Attorney for Defendants
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
Telephone: (312) 372-0770
Attorney No.: 06347