IN THE UNITED STATES DISTRIC COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **HOLLY WISER-CONNOLLY**, as Independent Executor of the Estate of **GLEN R. WISER,** Deceased; and **HOLLY WISER-CONNOLLY**, as Independent Executor of the Estate of **ELEANOR M. WISER**, Deceased,<br><br>　　　　Plaintiffs,<br><br>　　-vs-<br><br>**OSMAN EFENDIC**, individually, and d/b/a **ELAINES EXPRESS, INC.**,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| **OSMAN EFENDIC,** Individually and d/b/a **ELAINES EXPRESS, INC.**,<br><br>　　　　Counter Plaintiffs,<br><br>　　-vs-<br><br>**HOLLY WISER-CONNOLLY**, as Independent Executive of the Estate of **GLEN R. WISER**, Deceased,<br><br>　　　　Counter-Defendant. | ) Case No. 08 C 241<br>)<br>) Judge: Ronald A. Guzman<br>)<br>) Magistrate: Geraldine Soat Brown<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MOTION FOR PROTECTIVE ORDER**

　　**NOW COME** the Defendants, **OSMAN EFENDIC, individually and d/b/a ELAINES EXPRESS**, by and through one of their attorneys, MICHAEL J. LINNEMAN of JOHNSON & BELL, LTD., and move this Honorable Court, pursuant to Federal Rule of Civil Procedure 26(c)(2), for a protective order requiring the deposition of Allen Wiser to proceed within the geographical boundaries of the Northern District of Illinois, and in support of said motion, state as follows:

## I. INTRODUCTION/BACKGROUND

1.     This cause involves a motor vehicle collision in which Glen and Eleanor Wiser ("decedents") died.  Holly Wiser-Connolly, as Independent Executor of the Estates of Glen and Eleanor Wiser, filed suit pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1, et seq.  Ms. Wiser-Connolly is decedents' daughter.

2.     Decedents were also survived by one son[1], Allen Wiser, who resides in Soldotna, Alaska.

3.     On April 1, 2008, Defendants served Plaintiff with a Notice of Depositions for the depositions of decedents' three heirs, including Allen Wiser, to proceed at the office of Defendants' counsel in Chicago on May 5 and 6, 2008.  (A copy of said Notice of Depositions is attached hereto, labeled Exhibit "A", and incorporated herein by reference.)

4.     The following day, Plaintiff served Defendants with a Notice of Deposition of Allen Wiser to proceed at a yet-to-be determined location in Soldotna, Alaska, on July 11, 2008.  (A copy of said Notice of Deposition is attached hereto, labeled Exhibit "B", and incorporated herein by reference.)

5.     On April 7, 2008, Plaintiff served Defendants with an Amended Notice of deposition of Allen Wiser to proceed at a hotel in Kenai, Alaska, on July 11, 2008.  (A copy of said Amended Notice of Deposition is attached hereto, labeled Exhibit "C", and incorporated herein by reference.)

6.     Plaintiff has identified Allen Wiser as one of decedents' next of kin and as a person claiming loss of society or other loss recoverable under the Illinois Wrongful Death Act.  (Please see Plaintiff's Answers to Interrogatories, a copy of which is attached hereto, labeled Exhibit "D", and incorporated herein by reference, at No. 4.)

---

[1] In addition, decedent Glen Wiser was survived by a son from a prior marriage, Raymond Wiser, who resides in Shelbyville, Tennessee.

Therefore, Allen Wiser's interest in this cause is equal to that of the named Plaintiff, Holly Wiser-Connolly.

7. As Allen Wiser's interest is equal to that of the named Plaintiff, he is a real party in interest for whose benefit this action is being prosecuted and, thus, should have to appear for his deposition in the forum in which suit was filed.

## II. ARGUMENT

### A. **Allen Wiser is a real party in interest.**

8. An action in federal court must be prosecuted in the name of the real party interest. FED. R. CIV. P. 17(a)(1). The person(s) for whose benefit an action is brought need not be joined in the action if an executor files suit in his or her own name. FED. R. CIV. P. 17(a)(1)(A).

9. A main purpose of Rule 17 is "to provide the defendant with protection against duplicate liability." *Independent School Dist. No. 454 v. Statistical Tabulating Corp.*, 359 F. Supp. 1095, 1099 (N.D. Ill. 1973). The notes of the Advisory Committee to the 1966 amendments to the Rule state that its modern function is "simply to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata."

10. Under the Illinois Wrongful Death Act, any amount recovered shall be for the exclusive benefit of the deceased's surviving spouse and next of kin. 740 ILCS 180/2. In this case, because neither deceased left a surviving spouse, any amounts recovered shall be for the benefit of their surviving children, who are unquestionably the real parties in interest regardless of the identity of the nominal party plaintiff. See *Wilsey v. Eddingfield*, 780 F.2d 614, 616 (7th Cir. 1985) (the statutory beneficiaries under the Wrongful Death Act are the real parties in interest).

**B.     As Allen Wiser is a real party in interest, his deposition should take place in the district in which Plaintiff filed suit.**

11.     Because a plaintiff voluntarily chooses where to file suit, he generally is required to attend his deposition in the district of filing.  *Gibbs v. National R.R. Passenger Corp.*, 170 F.R.D. 452, 453, 1997 U.S. Dist. LEXIS 11844, *2-3 (N.D. Ind.), citing *Newman v. Metropolitan Pier & Exposition Auth.*, 962 F.2d 589, 591-92 (7th Cir. 1992).

12.     Rule 26 affords the court broad discretion to alter the place of a noticed deposition.  *Chris-Craft Industrial Products, Inc. v. Kuraray Co., Ltd.*, 184 F.R.D. 605, 607, 1999 U.S. Dist. LEXIS 3598, *3 (N.D. Ill.).  The rule provides that the court "may make any order which justice requires to protect a party or person from annoyance ... or undue burden or expense", including a designation of the time or place of a deposition.  FED. R. CIV. P. 26(c)(2).

13.     Defendants, citizens of Canada, have already had to incur the expense of retaining counsel in the Northern District of Illinois to defend them against Plaintiff's cause of action and will not be able to avoid the burden and expenses associated with having to appear here for trial.  They should not be made, through their attorneys, to suffer the added burden and expense of at least two full days of traveling to and from Alaska to take the deposition of Plaintiff's statutory beneficiary in a case Plaintiff chose to file in Illinois.

**C.     Defendants' Deposition Notices have precedence and should control.**

14.     A corollary issue is the insistence of Plaintiff's counsel to take the deposition of Allen Wiser despite the fact that Defendants served their Notice of Deposition before Plaintiff.

15.     Rule 30 provides that a party may take the deposition of any person upon the giving of reasonable notice to every other party to the action. FED. R. CIV. P. 30(b)(1).

16.     Pursuant to Defendants' Notice of Depositions, Allen Wiser's deposition is set to proceed at defense counsel's office in Chicago on May 5, 2008. (Ex. A.) Plaintiff has not objected, either formally or informally, to said Notice. There is no reason why Plaintiff and Allen Wiser should not have to comply with Defendants' Notice.

17.     Even if Plaintiff's Notice of Allen Wiser's deposition had been served first, the interests of equity and fairness dictate that Defendants' Notice should control. Because Allen Wiser is one of the people for whose benefit this cause is being prosecuted, Defendants' counsel are prohibited by the ethics rules from contacting him, whereas Plaintiff's counsel is under no such restriction and, apparently, has indeed been in contact with Mr. Wiser. It would simply be unfair for Plaintiff's counsel to be able to contact Allen Wiser at will and without limitation prior to his deposition and then to substantially control the deposition, leaving Defendants' counsel – ethically prohibited from communicating with Mr. Wiser outside of the deposition setting – with virtually no opportunity to question Mr. Wiser in a manner that best serves Defendants' interests. Therefore, in the interests of equity and fairness, Defendants' counsel should at least be able to control Mr. Wiser's deposition. Plaintiff's counsel, of course, would have the opportunity to question Mr. Wiser on the record at the conclusion of defense counsel's questioning.

18.     Defendants hereby certify in accordance with Rule 26(c) that their counsel, Robert M. Burke, conferred with counsel for Plaintiff, Edmund J. Scanlan, on April 1, 2008, regarding the issues of the location of Allen Wiser's deposition and which attorney would have the right to control the deposition. Said attorneys were

unable to resolve this dispute and concluded that it would have to be submitted to this Honorable Court.

### III. CONCLUSION

19. Because Defendants served their Notice of Allen Wiser's deposition before Plaintiff did so and because the taking of Allen Wiser's deposition in Alaska would result in a heavy financial burden upon Defendants, and in the interests of equity and justice in light of the restrictions upon defense counsel with respect to ex-parte communications with the real parties in interest, a protective order should be entered establishing that Allen Wiser must appear for his deposition within the geographical boundaries of the Northern District of Illinois and that the deposition proceed pursuant to Defendants' Notice.

**WHEREFORE**, the Defendants, **OSMAN EFENDIC, individually and d/b/a ELAINES EXPRESS**, pray this Honorable Court grant the instant motion and enter a protective order, pursuant to Federal Rule of Civil Procedure 26(c)(2), establishing that Allen Wiser must appear for his deposition within the geographical boundaries of the Northern District of Illinois and that the deposition proceed pursuant to Defendants' Notice. Defendants further request any other or additional relief the Court deems to be equitable and just.

                                      Respectfully submitted,

                                      JOHNSON & BELL, LTD.

                        By:   /s/Michael J. Linneman
                               One of the Attorneys for Osman Efendic and
                               2038463 Ontario, Inc., d/b/a Elaines Express

ROBERT M. BURKE
MICHAEL J. LINNEMAN
JOHNSON & BELL, LTD.
Attorneys for Defendants
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
Telephone: (312) 372-0770