IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HOLLY WISER-CONNOLLY, as Independent Executor of the Estate of GLEN R. WISER, Deceased; and HOLLY WISER-CONNOLLY, as Independent Executor of the Estate of ELEANOR M. WISER, Deceased, <br><br> Plaintiff, <br><br> vs. <br><br> OSMAN EFENDIC and 2038463 ONTARIO, INC., d/b/a ELAINES EXPRESS, <br><br> Defendants. <br><br> OSMAN EFENDIC and 2038463 ONTARIO, INC., d/b/a ELAINES EXPRESS, <br><br> Counter-Plaintiffs, <br><br> vs. <br><br> HOLLY WISER-CONNOLLY, as Independent Executor of the Estate of GLEN R. WISER, Deceased; <br><br> Counter-Defendant. | Case No.:  1:08-cv-00241 <br><br> Honorable Ronald A. Guzman <br><br> Magistrate Geraldine Soat Brown |

## FIRST AMENDED COMPLAINT AT LAW

### COUNT I
### WRONGFUL DEATH – GLEN R. WISER, DECEASED

NOW COMES the Plaintiff, HOLLY WISER-CONNOLLY, as Independent Executor of the Estate of GLEN R. WISER, Deceased, by and through her attorney,

EDMUND J. SCANLAN, and complaining of the Defendants, OSMAN EFENDIC and 2038463 ONTARIO, INC., d/b/a ELAINES EXPRESS, states as follows:

1. That on the 7th day of March, 2007, the plaintiff's decedent, GLEN R. WISER, was a citizen of the State of Illinois.

2. That on the 7th day of March, 2007, the plaintiff, HOLLY WISER-CONNOLLY, as Independent Executor of the Estate of GLEN R. WISER, Deceased, was a citizen of the State of New York.

3. That on the 7th day of March, 2007, the defendant, OSMAN EFENDIC, was a citizen of Ontario, Canada.

4. That on the 7th day of March, 2007, the defendant, 2038463 ONTARIO, INC., d/b/a ELAINES EXPRESS, was incorporated pursuant to the laws of Ontario, Canada, and had its principal place of business in Ontario, Canada.

5. That there is complete diversity of citizenship between plaintiff and defendants pursuant to 28 U.S.C. §1332.

6. That the plaintiff's damages for the wrongful death of the plaintiff's decedent, GLEN R. WISER, exceed the sum of $75,000.00 and satisfy the amount in controversy as set forth in 28 U.S.C. §1332.

7. That on the 7th day of March, 2007, the defendant, OSMAN EFENDIC and 2038463 ONTARIO, INC., d/b/a ELAINES EXPRESS, was backing up a semi-tractor trailer in a southerly direction along and upon South Ashland Avenue, at or near its intersection with Goodenow Road, in the Township of Crete, County of Will, State of Illinois.

8. That on the 7th day of March, 2007, the plaintiff's decedent, GLEN R. WISER, was operating his motor vehicle in an easterly direction along and upon Goodenow Road, at or near its intersection with South Ashland Avenue, in the Township of Crete, County of Will, State of Illinois.

9. That at that time and place, the defendants, OSMAN EFENDIC and 2038463 ONTARIO, INC., d/b/a ELAINES EXPRESS, had a duty to exercise due care and caution for the safety of the plaintiff's decedent, GLEN R. WISER.

10. That notwithstanding the aforesaid duty, the defendants, OSMAN EFENDIC and 2038463 ONTARIO, INC., d/b/a ELAINES EXPRESS, were guilty of one or more of the following negligent acts and/or omissions:

    (a) backed up their semi-tractor trailer in a situation where such movement could not be made without interfering with the right-of-way of the plaintiff's decedent's eastbound vehicle, in violation of 625 ILCS 5/11-1402(a);

    (b) failed to properly chart the route that defendants' semi-tractor trailer can operate upon, in violation of Federal Motor Carrier Regulations;

    (c) failed to stop their vehicle to avoid colliding with the plaintiff's decedent's vehicle while backing up on South Ashland Avenue at its intersection with Goodenow Road, in violation of 625 ILCS 5/11-601(a);

    (d) failed to yield the right-of-way to the plaintiff's decedent's eastbound vehicle on Goodenow Road, in violation of 625 ILCS 5/11-904(b);

    (e) failed to decrease the speed of his vehicle in reverse to avoid colliding with plaintiff's decedent's vehicle, in violation of 625 ILCS 5/11-601(a);

  (f)  failed to yield the right-of-way to the plaintiff's decedent's eastbound vehicle on Goodenow Road, in violation of 625 ILCS 5/11-1204(b);

  (g)  drove his semi-tractor trailer when said semi-tractor trailer exceeded the length limit, in violation of 625 ILCS 5/15-107.

11. That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the defendants, OSMAN EFENDIC and 2038463 ONTARIO, INC., d/b/a ELAINES EXPRESS, the defendants' semi-tractor trailer came into contact with the motor vehicle being operated by plaintiff's decedent, GLEN R. WISER, thus causing him injuries that led to his death on March 7, 2007.

12. That at the aforesaid time, there was in full force and effect in the State of Illinois a certain statute commonly known as the Wrongful Death Act, 740 ILCS 180/1 et. seq., which provides in pertinent part as follows:

> Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case, the person who or company or corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and circumstances as amount in law to felony. (Section 1)

> Every such action shall be brought by and in the names of the personal representatives of such deceased person and, except as otherwise hereinafter provided, the amount recovered in every such action shall be for the exclusive benefit of the surviving spouse and next-of-kin of such deceased person, and in every such action, the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such death, to the surviving spouse and next-of-kin of such deceased person. (Section 2)

and this action is brought pursuant to said statute.

13. That the plaintiff, HOLLY WISER-CONNOLLY, was appointed as the Independent Executor of the Estate of GLEN WISER, Deceased, by Order of the Circuit Court of the Second Judicial Circuit, Wayne County, Illinois (see Exhibit "A" attached hereto) on June 5, 2007, and brings this action pursuant to 740 ILCS 180/2.1 for the benefit of the surviving next-of-kin and the deceased, GLEN R. WISER, as well as for medical, funeral and burial expenses.

WHEREFORE, the Plaintiff, HOLLY WISER-CONNOLLY, as Independent Executor of the Estate of ELEANOR M. WISER, Deceased, demands judgment against the Defendants, OSMAN EFENDIC and 2038463 ONTARIO, INC., d/b/a ELAINES EXPRESS, in a sum in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus the costs of this lawsuit.

## COUNT II
## WRONGFUL DEATH – ELEANOR M. WISER, DECEASED

NOW COMES the Plaintiff, HOLLY WISER-CONNOLLY, as Independent Executor of the Estate of ELEANOR M. WISER, Deceased, by and through her attorney, EDMUND J. SCANLAN, and complaining of the Defendants, OSMAN EFENDIC and 2038463 ONTARIO, INC., d/b/a ELAINES EXPRESS, states as follows:

1. That on the 7th day of March, 2007, the plaintiff's decedent, ELEANOR M. WISER, was a citizen of the State of Illinois.

2. That on the 7th day of March, 2007, the plaintiff, HOLLY WISER-CONNOLLY, as Independent Executor of the Estate of ELEANOR M. WISER, Deceased, was a citizen of the State of New York.

3. That on the 7th day of March, 2007, the defendant, OSMAN EFENDIC, was a citizen of Ontario, Canada.

4. That on the 7th day of March, 2007, the defendant, 2038463 ONTARIO, INC., d/b/a ELAINES EXPRESS, was incorporated pursuant to the laws of Ontario, Canada, and had its principal place of business in Ontario, Canada.

5. That there is complete diversity of citizenship between plaintiff and defendants pursuant to 28 U.S.C. §1332.

6. That the plaintiff's damages for the wrongful death of the plaintiff's decedent, ELEANOR M. WISER, exceed the sum of $75,000.00 and satisfy the amount in controversy as set forth in 28 U.S.C. §1332.

7. That on the 7th day of March, 2007, the defendant, OSMAN EFENDIC and 2038463 ONTARIO, INC., d/b/a ELAINES EXPRESS, was backing up a semi-tractor trailer in a southerly direction along and upon South Ashland Avenue, at or near its intersection with Goodenow Road, in the Township of Crete, County of Will, State of Illinois.

8. That on the 7th day of March, 2007, the plaintiff's decedent, ELEANOR M. WISER, was a passenger in the motor vehicle being operated by her husband, GLEN R. WISER, Deceased, which he was operating in an easterly direction along and upon Goodenow Road, at or near its intersection with South Ashland Avenue, in the Township of Crete, County of Will, State of Illinois.

9. That at that time and place, the defendants, OSMAN EFENDIC and 2038463 ONTARIO, INC., d/b/a ELAINES EXPRESS, had a duty to exercise due care and caution for the safety of the plaintiff's decedent, ELEANOR M. WISER.

10. That notwithstanding the aforesaid duty, the defendants, OSMAN EFENDIC and 2038463 ONTARIO, INC., d/b/a ELAINES EXPRESS, were guilty of one or more of the following negligent acts and/or omissions:

    (a) backed up their semi-tractor trailer in a situation where such movement could not be made without interfering with the right-of-way of the plaintiff's decedent's eastbound vehicle, in violation of 625 ILCS 5/11-1402(a);

    (b) failed to properly chart the route that defendants' semi-tractor trailer can operate upon, in violation of Federal Motor Carrier Regulations;

    (c) failed to stop their vehicle to avoid colliding with the plaintiff's decedent's vehicle while backing up on South Ashland Avenue at its intersection with Goodenow Road, in violation of 625 ILCS 5/11-601(a);

    (d) failed to yield the right-of-way to the plaintiff's decedent's eastbound vehicle on Goodenow Road, in violation of 625 ILCS 5/11-904(b);

    (e) failed to decrease the speed of his vehicle in reverse to avoid colliding with plaintiff's decedent's vehicle, in violation of 625 ILCS 5/11-601(a);

    (f) failed to yield the right-of-way to the plaintiff's decedent's eastbound vehicle on Goodenow Road, in violation of 625 ILCS 5/11-1204(b);

    (g) drove his semi-tractor trailer when said semi-tractor trailer exceeded the length limit, in violation of 625 ILCS 5/15-107.

11. That as a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of the defendants, OSMAN EFENDIC and 2038463 ONTARIO, INC., d/b/a ELAINES EXPRESS, the defendants' semi-tractor trailer came into contact with the motor vehicle being operated by plaintiff's decedent,

GLEN R. WISER, in which plaintiff's decedent, ELEANOR M. WISER, was a passenger, thus causing her injuries that led to her death on March 7, 2007.

12. That at the aforesaid time, there was in full force and effect in the State of Illinois a certain statute commonly known as the Wrongful Death Act, 740 ILCS 180/1 et. seq., which provides in pertinent part as follows:

> Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case, the person who or company or corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and circumstances as amount in law to felony. (Section 1)
>
> Every such action shall be brought by and in the names of the personal representatives of such deceased person and, except as otherwise hereinafter provided, the amount recovered in every such action shall be for the exclusive benefit of the surviving spouse and next-of-kin of such deceased person, and in every such action, the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such death, to the surviving spouse and next-of-kin of such deceased person. (Section 2)

and this action is brought pursuant to said statute.

13. That the plaintiff, HOLLY WISER-CONNOLLY, was appointed as the Independent Executor of the Estate of ELEANOR WISER, Deceased, by Order of the Circuit Court of the Second Judicial Circuit, Wayne County, Illinois (see Exhibit "B" attached hereto) on June 5, 2007, and brings this action pursuant to 740 ILCS 180/2.1 for the benefit of the surviving next-of-kin and the deceased, ELEANOR M WISER, as well as for medical, funeral and burial expenses.

WHEREFORE, the Plaintiff, HOLLY WISER-CONNOLLY, as Independent Executor of the Estate of ELEANOR WISER, Deceased, demands judgment against the Defendants, OSMAN EFENDIC and 2038463 ONTARIO, INC., d/b/a ELAINES EXPRESS, in a sum in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), plus the costs of this lawsuit.

/s/ Edmund J. Scanlan
EDMUND J. SCANLAN
Attorney for Plaintiff, Holly Wiser-Connolly

Edmund J. Scanlan
SCANLAN LAW GROUP
Attorney for Plaintiff, Holly Wiser-Connolly
8 South Michigan Avenue, Suite 2700
Chicago, Illinois  60603
Telephone:   (312) 422-0343
Facsimile:   (312) 422-0358
Email:       ejs@scanlanlawgroup.com
ARDC #:      02466643

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 24th day of June, 2008, he did electronically file the foregoing with the Clerk of the Court using the CM/ECF System which sent notification of such filing to the parties who are registered participants with the System. I hereby certify that a courtesy copy was sent to The Honorable Ronald A. Guzman within one day of the electronic filing pursuant to Local Rule LR5.2.

/s/ Edmund J. Scanlan
Edmund J. Scanlan
SCANLAN LAW GROUP
Attorney for Plaintiff, Holly Wiser-Connolly
8 South Michigan Avenue, Suite 2700
Chicago, Illinois 60603
Telephone: (312) 422-0343
Facsimile: (312) 422-0358
Email: ejs@scanlanlawgroup.com
ARDC #: 02466643