IN THE UNITED STATES DISTRIC COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **HOLLY WISER-CONNOLLY**, as Independent Executor of the Estate of **GLEN R. WISER,** Deceased; and **HOLLY WISER-CONNOLLY**, as Independent Executor of the Estate of **ELEANOR M. WISER**, Deceased, <br><br>  Plaintiffs, <br><br> -vs- <br><br> **OSMAN EFENDIC** and **2038463 ONTARIO, INC., d/b/a ELAINES EXPRESS**, <br><br>  Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 08 C 241 |
| **OSMAN EFENDIC** and **2038463 ONTARIO, INC., d/b/a ELAINES EXPRESS**, <br><br>  Counter-Plaintiffs, <br><br> -vs- <br><br> **HOLLY WISER-CONNOLLY**, as Independent Executive of the Estate of **GLEN R. WISER**, Deceased, <br><br>  Counter-Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) Judge: Ronald A. Guzman <br><br> Magistrate: Geraldine Soat Brown |

### MOTION TO STRIKE IN LIEU OF ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AT LAW

**NOW COME** the Defendants, **OSMAN EFENDIC** and **2038463 ONTARIO, INC., d/b/a ELAINES EXPRESS**, by and through one of their attorneys, MICHAEL J. LINNEMAN of JOHNSON & BELL, LTD., in lieu of filing an Answer to Plaintiff's First Amended Complaint at Law but reserving their right to do so on a later date, and move this Honorable Court to strike Plaintiffs' First Amended Complaint at Law, and in support of said motion, state as follows:

1.  This cause involves a motor vehicle collision that occurred on March 7, 2007, in Will County, Illinois, in which Glen and Eleanor Wiser ("decedents") died. Holly Wiser-Connolly, as Independent Executor of the Estates of Glen and Eleanor Wiser, filed suit pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1, et seq., in Cook County, Illinois, and Defendants removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441.

2.  At a status hearing on February 27, 2008, this Court ordered that amended pleadings and joinder of parties be completed by June 16, 2008. (See Document No. 26.)

3.  On June 20, 2008, Plaintiff filed a motion for leave to file a First Amended Complaint at Law. (See Document No. 32.) Said motion stated that Plaintiff was seeking leave to amend her Complaint "to add additional party defendant revealed during discovery and to reflect the correct name of defendant." The motion did not request leave to add, remove, or amend any allegations of the original Complaint.

4.  Plaintiff attached to her motion a proposed First Amended Complaint at Law. (See Document No. 32-2.) In addition to joining 2038463 Ontario, Inc., d/b/a Elaines Express as a party defendant, the proposed First Amended Complaint sought to add six paragraphs concerning the parties' states and/or countries of citizenship and the amount of money in controversy. (See Document 32-2, paragraphs 1-6.) The proposed First Amended Complaint also sought to add an allegation of negligence that was not contained in Plaintiff's original Complaint. (See Document No. 32-2, paragraph 10(g)).

5.  On June 24, 2008, this Court entered an order striking Plaintiff's motion for leave to file a First Amended Complaint but allowing Plaintiff to "refile amended complaint with corrected caption to reflect amendment." (See Document No. 35.)

6. Despite this Court's order limiting the scope of the amendment to correcting the caption, on June 24, 2008, Plaintiff filed a First Amended Complaint at Law identical to the proposed pleading attached to her motion, including the additional allegations described above. (See Document No. 36.) In other words, the amendments contained in Plaintiff's First Amended Complaint are beyond the scope of the leave granted by this Court.

7. Defendants had no objection to Plaintiff's attempt to correct the record by amending her Complaint to include the proper parties and to Plaintiff's addition of allegations concerning the parties' citizenship and the amount in controversy. However, as paragraph 10(g) of Plaintiff's First Amended Complaint constitutes an amendment beyond the scope of the leave to amend granted by this Court, said paragraph should be stricken.

8. By adding, without the Court's permission, an allegation of Defendants' negligence based on their alleged violation of an Illinois statute pertaining to restrictions on the dimensions of motor vehicles which can be used on certain, specified roadways, Plaintiff is not merely seeking to ensure that the proper parties are before the Court but is, rather, attempting to circumvent the Court's pleading deadline and June 24, 2008, order.

9. Moreover, with the addition of paragraph 10(g) to her First Amended Complaint, Plaintiff is seeking to put before the trier of fact evidence or argument that clearly would be impermissible at trial. The vehicle length restriction statute cited in paragraph 10(g) has no possible relevance to the automobile collision at issue and can only serve to bias the jury against Defendants.

10. Under Federal Rule of Evidence 403, such a concern for bias or prejudice must be weighed against the probative value of the information provided. Whether

Defendants exceeded the cited vehicle length limitation has no probative value and could not be admitted into evidence or argued as a basis for liability under Illinois law.

11.    Before a statute may be admitted into evidence or argued as a basis for liability, the plaintiff must establish that (1) the alleged violation proximately caused the injury, (2) the plaintiff belonged to the class of persons whom the statute was intended to protect from injury, and (3) the kind of injury the plaintiff suffered was the kind of injury the statute was designed to prevent. *Dunn v. Baltimore & Ohio R. Co.*, 127 Ill.2d 350, 367, 537 N.E.2d 738, 745-46 (1989).

12.    Here, Plaintiff's decedents were not within the class of persons the statute was instituted to protect. The portion of the Illinois Vehicle Code containing the cited provision does not state the purpose of the cited provision. Instead, the Code merely provides that it is "unlawful" for any person to drive on a road in violation of the regulation. 625 ILCS 5/15-101(a). The Code is completely silent as to the class of persons, if any, for whose benefit the provision was enacted. It is telling, however, that the Code provides that only the state and subdivisions of the state may enforce the restrictions. 625 ILCS 5/16-102. Thus, there is no indication that the cited provision was enacted to protect Plaintiff's decedents.

13.    Finally, it is clear that the type of incident involved in this suit was not among those that the Legislature sought to prevent in enacting the cited provision. The cited vehicle length restriction statute was enacted not to prevent injury to members of the public but, rather, to prevent damage to Illinois roads. Evidence of this intent can be found in 625 ILCS 5/15-115, which requires the Illinois Department of Transportation to publish and to deliver to the Governor and General Assembly "a report which assesses the damage done to the public highways in the State of Illinois by virtue of the increased lengths, widths and weight loads."

14. As Plaintiff's decedents clearly did not belong to any class the cited regulation was intended to protect from injury or damage, and as the type of injury suffered by Plaintiff's decedents was not the type of injury the regulation sought to prevent, there are no foreseeable circumstances under which Plaintiff should be allowed to introduce evidence or argument based on Defendants' alleged violation of said provision.

15. For the foregoing reasons, paragraph 10(g) of Plaintiff's First Amended Complaint at Law should be stricken.

**WHEREFORE**, the Defendants, **OSMAN EFENDIC** and **2038463 ONTARIO, INC., d/b/a ELAINES EXPRESS**, pray this Honorable Court grant the instant motion and enter an order striking paragraph 10(g) of Plaintiff's First Amended Complaint at Law. Defendants further request any other or additional relief the Court deems to be equitable and just.

                                                Respectfully submitted,

                                                JOHNSON & BELL, LTD.

By: /s/Michael J. Linneman
One of the Attorneys for Osman Efendic and 2038463 Ontario, Inc., d/b/a Elaines Express

ROBERT M. BURKE (ARDC No. 6187403)
MICHAEL J. LINNEMAN (ARDC No. 6275375)
JOHNSON & BELL, LTD.
Attorneys for Defendants
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
Telephone: (312) 372-0770