IN THE UNITED STATES DISTRIC COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **HOLLY WISER-CONNOLLY**, as Independent Executor of the Estate of **GLEN R. WISER,** Deceased; and **HOLLY WISER-CONNOLLY**, as Independent Executor of the Estate of **ELEANOR M. WISER**, Deceased, <br><br> Plaintiffs, <br><br> -vs- <br><br> **OSMAN EFENDIC** and **2038463 ONTARIO, INC., d/b/a ELAINES EXPRESS**, <br><br> Defendants. | <br><br><br><br><br><br><br><br><br><br><br><br><br> Case No. 08 C 241 |
| **OSMAN EFENDIC** and **2038463 ONTARIO, INC., d/b/a ELAINES EXPRESS**, <br><br> Counter-Plaintiffs, <br><br> -vs- <br><br> **HOLLY WISER-CONNOLLY**, as Independent Executive of the Estate of **GLEN R. WISER**, Deceased, <br><br> Counter-Defendant. | Judge: Ronald A. Guzman <br><br> Magistrate: Geraldine Soat Brown |

**JOINT MOTION FOR ENLARGEMENT OF TIME TO COMPLETE FACT DISCOVERY**

**NOW COME** the Defendants/Counter-Plaintiffs, **OSMAN EFENDIC** and **2038463 ONTARIO, INC., d/b/a ELAINES EXPRESS**, by and through one of their attorneys, MICHAEL J. LINNEMAN of JOHNSON & BELL, LTD., and the Plaintiff/Counter-Defendant, **HOLLY WISER-CONNOLLY, as Independent Executor of the Estates of Glen R. Wiser and Eleanor M. Wiser, Deceased**, by and through her attorneys, EDMUND J. SCANLAN of the SCANLAN LAW GROUP, and move this

Honorable Court for an enlargement of time in which to complete fact discovery, and in support of said motion, state as follows:

1. This cause involves a motor vehicle collision that occurred on March 7, 2007, in Will County, Illinois, in which Glen and Eleanor Wiser died. Holly Wiser-Connolly, as Independent Executor of the Estates of Glen and Eleanor Wiser, filed suit pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1, et seq., in Cook County, Illinois, and Defendants removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441.

2. At a status hearing on February 27, 2008, this Court ordered that fact discovery be closed by July 28, 2008. (See Document No. 26.)

3. In the five months since this Court's initial case management order, the parties have deposed, among others, all but one of the 14 fact witnesses identified in Plaintiff's Rule 26(a)(1) disclosures and answers to interrogatories. In order to do so, counsel for Defendants have had to subpoena nearly every such witness, and undertaking the depositions has required counsel for the parties to travel to Anchorage, Alaska, as well as Merrillville, Indiana, and Joliet, Monee, and Momence, Illinois.

4. The one witness disclosed by Plaintiff who has not yet been deposed is Dr. Bryan Mitchell, who performed an autopsy on Plaintiff's decedent, Glen Wiser. Counsel for Defendant issued a subpoena to Dr. Mitchell at the Will County Coroner's Office. However, Coroner's Office personnel subsequently informed Defendants' counsel that Dr. Mitchell is not employed by said office and that, therefore, counsel would have to contact Dr. Mitchell independently to schedule his deposition. Further complicating matters, Coroner's Office personnel refused to provide Dr. Mitchell's contact information.

5. Defendant's counsel ultimately succeeded in contacting Dr. Mitchell, who indicated that he would most likely be available to be deposed prior to the July 28, 2008, discovery closure date. However, Dr. Mitchell informed Defendants' counsel via e-mail on July 20, 2008, that he is not available until the last three weeks of August. (A copy of the e-mail exchange between Defendant's counsel and Dr. Mitchell is attached hereto and labeled Exhibit "A". In order to protect Dr. Mitchell's privacy, his e-mail address has been redacted.)

6. In addition, on June 13, 2008, Defendants propounded supplemental interrogatories and requests for production upon Plaintiff in order to obtain information concerning the frequency of telephone contact between Plaintiff's decedents and their three adult children. Plaintiff served her responses to these discovery requests upon Defendants' counsel on July 24, 2008.

7. Having now received Plaintiff's responses to the above-mentioned discovery, Defendants plan to issue subpoenas to the telephone service providers identified by Plaintiff.

8. Finally, the parties recently learned at the deposition of Illinois State Police forensic scientist Scott Rochowicz on July 21, 2008, that although the subject automobile accident occurred in March of 2007, the Will County Sheriff's Department's investigation was not officially completed until May of 2008. This is because said investigation was dependent in part on the results of an Illinois State Police crime lab analysis of a vehicle lamp assembly from Defendants' tractor-trailer, which the crime lab did not complete until April 23, 2008.

9. The parties have worked diligently to conduct all necessary discovery but request that discovery remain open generally for an additional 30 days so that they may fully explore issues that have come up in the course of discovery and conclude

the depositions of all necessary fact witnesses. (A proposed Agreed Order is being submitted electronically in accordance with the instructions found on Judge Guzman's web page on the District Court's web site.)

10. Also, the parties wish to apprise this Court that they are planning to engage in a mediation with the Hon. Donald O'Connell (Ret.). The mediation is currently scheduled for September 15, 2008.

11. Holly Wiser-Connolly is also represented, in her capacity as Counter-Defendant, by attorney Barbara Kalobratsos of Ripes, Nelson, Baggot & Kalobratsos, P.C. Ms. Kalobratsos has been consulted regarding this motion and indicated that she has no objection.

**WHEREFORE**, the Defendants/Counter-Plaintiffs, **OSMAN EFENDIC** and **2038463 ONTARIO, INC., d/b/a ELAINES EXPRESS**, and the Plaintiff/Counter-Defendant, **HOLLY WISER-CONNOLLY, as Independent Executor of the Estates of Glen R. Wiser and Eleanor M. Wiser, Deceased**, pray this Honorable Court grant the instant motion and enter an order enlarging the amount of time in which the parties may generally conduct fact discovery by an additional 30 days and that the expert disclosure deadlines set forth in this Court's order of February 27, 2008, be extended commensurately.

Respectfully submitted,

| SCANLAN LAW GROUP | JOHNSON & BELL, LTD. |
|---|---|
| By: /s/Edmund J. Scanlan | /s/Michael J. Linneman |
| Attorney for Plaintiff | One of the Attorneys for Defendants |
| 8 S. Michigan Ave., Suite 2700 | 33 W. Monroe St., Suite 2700 |
| Chicago, Illinois 60603 | Chicago, Illinois 60603 |
| (312) 422-0343 | (312) 372-0770 |