IN THE UNITED STATES DISTRIC COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **HOLLY WISER-CONNOLLY**, as Independent Executor of the Estate of **GLEN R. WISER,** Deceased; and **HOLLY WISER-CONNOLLY**, as Independent Executor of the Estate of **ELEANOR M. WISER**, Deceased, <br><br>Plaintiffs, <br><br>-vs- <br><br>**OSMAN EFENDIC** and **2038463 ONTARIO, INC., d/b/a ELAINES EXPRESS**, <br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 08 C 241 |
| **OSMAN EFENDIC** and **2038463 ONTARIO, INC., d/b/a ELAINES EXPRESS**, <br><br>Counter-Plaintiffs, <br><br>-vs- <br><br>**HOLLY WISER-CONNOLLY**, as Independent Executive of the Estate of **GLEN R. WISER**, Deceased, <br><br>Counter-Defendant. | ) ) ) ) Judge: Ronald A. Guzman ) ) Magistrate: Geraldine Soat Brown ) ) ) ) ) ) ) ) ) |

**MOTION FOR RULE TO SHOW CAUSE**

**NOW COME** the Defendants/Counter-Plaintiffs, **OSMAN EFENDIC** and **2038463 ONTARIO, INC., d/b/a ELAINES EXPRESS**, by and through one of their attorneys, MICHAEL J. LINNEMAN of JOHNSON & BELL, LTD., and move this Honorable Court, pursuant to Rules 7 and 46(e) of the federal Rules of Civil Procedure and Rule 37.1 of the Local Rules of the United States District Court for the Northern District of Illinois, for a Rule to Show Cause why MEDICARE PART A and MEDICARE

PART B should not be held in contempt of Court, and in support of said motion, state as follows:

1. On or about July 8, 2008, Medicare Part A was served with two Subpoenas directing it to produce to counsel for Defendants, through their agent, Record Copy Services, all records, statements, and other materials in its possession pertaining to any claims made by Plaintiff's decedents, Glen Wiser and Eleanor Wiser. (Copies of said Subpoenas are attached hereto, labeled Exhibits "A" and "B", respectively, and incorporated herein by reference.) Said Subpoenas had a due date of July 22, 2008.

2. On or about July 8, 2008, Medicare Part B was served with two Subpoenas directing it to produce to counsel for Defendants, through their agent, Record Copy Services, all records, statements, and other materials in its possession pertaining to any claims made by Plaintiff's decedents, Glen Wiser and Eleanor Wiser. (Copies of said Subpoenas are attached hereto, labeled Exhibits "C" and "D", respectively, and incorporated herein by reference.) Said Subpoenas also had a due date of July 22, 2008.

3. In a letter dated July 11, 2008, Medicare Part B acknowledged having received the Subpoena for the records pertaining to claims filed by Glen Wiser on July 10, 2008. (A copy of said letter is attached hereto, labeled Exhibit "E", and incorporated herein by reference.) However, Medicare Part B advised in said letter that it could not process Defendants' request without a "WPS Authorization To Permit Use and Disclosure of Health Information" form executed by the decedents' authorized representative.

4. In two separate letters dated August 4, 2008, Medicare Part B acknowledged having received executed WPS Authorizations on behalf of Glen Wiser

and Eleanor Wiser on August 1, 2008, but advised Record Copy Services that because the authorizations were executed by decedents' representative, it needed documentation verifying that the representative is, in fact, authorized to act on the decedents' behalf. (Copies of said letters are attached hereto, labeled Exhibits "F" and "G", respectively, and incorporated herein by reference.)

5. Record Copy Services advised Defendants' counsel via facsimile of the need for this additional documentation on August 15, 2008. (Copies of the fax transmittals from Record Copy Services to Defendants' counsel are attached hereto, labeled Exhibits "H" and "I", and incorporated herein by reference.)

6. On August 21, 2008, Defendants' counsel faxed Record Copy Services copies of the Letters of Office filed in the decedents' probate case, along with a letter instructing Record Copy Services to forward the Letters of Office to Medicare Part B. However, Record Copy Services advised Defendants' counsel on August 29, 2008, that there was no record of the Letters of Office having been received. Therefore, Defendants' counsel again faxed the documents to Record Copy Services, and to Medicare Part B as well, on August 29, 2008. (A copy of the fax confirmation sheet, dated August 29, 2008, and the accompanying letter, dated August 21, 2008, are attached hereto, labeled Group Exhibit "J", and incorporated herein by reference.)

7. With respect to the Subpoena issued to Medicare Part A, Record Copy Services has advised that it has been in contact with Medicare Part A, which advised that it would provide the requested documents by August 12, 2008. As of August 29, 2008, said documents had not been produced.

8. Defendant's counsel has monitored and responded as appropriate to the service reports and correspondence from Record Copy Services in order to secure

3

compliance with the Subpoenas. (See the Affidavit of Michael J. Linneman, attached hereto, labeled Exhibit "K", and incorporated herein by reference.)

9. Pursuant to this Court's order of July 31, 2008, fact discovery is to be closed as of August 30, 2008. (See Document No. 43.) While Defendants believe that both Medicare Parts A and B will eventually comply with the outstanding Subpoenas, they are filing the instant motion on August 29, 2008 – in advance of the August 30, 2008, fact discovery cut-off – in order to protect their rights and interests herein and to compel Medicare Part A and Medicare Part B to comply with the now-overdue Subpoenas or be held in contempt of Court for their refusal or failure to so comply.

10. Defendants are being prejudiced in the defense of this lawsuit by Medicare Part A and Medicare Part B's refusal or failure to comply with the properly served Subpoenas.

**WHEREFORE**, the Defendants/Counter-Plaintiffs, **OSMAN EFENDIC** and **2038463 ONTARIO, INC., d/b/a ELAINES EXPRESS**, pray this Honorable Court grant the instant motion and issue a Rule to Show Cause why MEDICARE PART A and MEDICARE PART B should not be held in contempt of Court for their refusal or failure to comply with Defendants' Subpoenas.

Respectfully submitted,

JOHNSON & BELL, LTD.

/s/Michael J. Linneman
One of the Attorneys for Defendants/
Counter-Plaintiffs

ROBERT M. BURKE
MICHAEL J. LINNEMAN
JOHNSON & BELL, LTD.
Attorneys for Defendants/Counter-Plaintiffs
33 W. Monroe St., Suite 2700
Chicago, Illinois  60603
(312) 372-0770